Estate of Emma U. Rohnert, Eleonore R. Bulkley, Kathryn R. McMillan, and Helen R. Stoepel, Executrices v. Commissioner.
Estate of Rohnert v. Commissioner
Docket No. 1233.
United States Tax Court
1944 Tax Ct. Memo LEXIS 109; 3 T.C.M. (CCH) 985; T.C.M. (RIA) 44304; September 23, 1944
*109 John Leekley, Esq., for the petitioner. Gerald W. Brooks, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in the amount of $68,714.25 in petitioner's gift tax for the calendar year 1939. The sole question presented is whether, and if so, in what value, petitioner's decedent made a taxable gift in 1939 when a trust, established by her in 1926, was terminated eight years earlier than its expiration date, and the corpus distributed to the beneficiaries. The facts, as substantially set out below, were stipulated. Findings of Fact The petitioner estate has its principal office in Milwaukee, Wisconsin. The gift tax return of Emma U. Rohnert, now deceased, for the calendar year 1939, was filed with the collector of internal revenue for the district of Michigan. On December 15, 1926, Emma U. Rohnert transferred certain property, of the then value of about $300,000 to herself and her three daughters, Eleonore R. Bulkley, Helen R. Stoepel, and Kathryn R. McMillan, as trustees. for the benefit equally of the same three daughters, the trust to continue for twenty-one years unless sooner terminated. The daughters were to receive *110 the income currently, and the principal at the end of the trust period. If any daughter should die, her share of income and principal would go to her surviving children. if any, and, if none, to the surviving beneficiaries. If a daughter died, her husband, if any, was to succeed her as trustee, and if none, the surviving trustees should appoint a successor. It was then provided that the trust was subject to amendment, modification, or revocation by the settlor, with the written consent of a majority of the remaining trustees. On October 26, 1939, the trust was terminated by written agreement and consent of the settlor and all the trustees, who were also all the primary beneficiaries, and the assets of the trust were distributed equally to the three daughters. Emma U. Rohnert was born February 28, 1873. Eleonore R. Bulkley was born on May 18, 1896, and her husband on October 27, 1894; their two children were born on July 29, 1923, and August 17, 1927, respectively. Helen R. Stoepel was born on February 4, 1898, and her husband on February 20, 1891. Their two children were born on May 19, 1923 and January 2, 1928, respectively. Kathryn R. McMillan was born on October 22, 1902, *111 and her husband on August 15, 1900. Their two children were born on July 19, 1926, and January 21, 1930, respectively. The fair market value of the assets of the trust on October 26, 1939 was $298,346.50. The present worth, on October 26, 1939, of the right to receive $1 at the death of the second to die of three persons aged 43, 41 and 37 years, respectively, provided such death occur before December 16, 1947, and before the death of a person aged 67 years is 0.01357. Opinion KERN, Judge: Section 501 (c) of the Revenue Act of 1932, provided that the gift tax shall not apply to a transfer of property in trust where the power to revest in the donor title to such property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such property or the income therefrom. After the decision in , this language was eliminated from the Gift Tax as unnecessary, but the substance thereof was incorporated in Article 3, Regulations 79, with the further statement that a trustee, as such, is not a person having such an adverse interest. Thus, the law continues *112 to be that where the donor reserves the power to revest in himself the title to the subject of the gift, but this power can only be exercised by him in conjunction with a person having a substantial adverse interest, there has, nevertheless, been a completed gift subject to the Federal gift tax. See Paul, Federal Estate and Gift Taxation, § 17.09. If petitioner's decedent made a completed gift in 1926, at the time of the creation of the trusts, parting finally with all her interest in the property, then her consent to the termination of the trusts in 1939 did not constitute a taxable gift in the later year. See . The determination of this question depends on the effect of the power to revoke retained by her at the time she set up the 1926 trust. This power was exercisable only by and with the consent of a majority of the other trustees, all of whom were not only trustees but were also primary beneficiaries of both income and principal of the trust. This seems to us to be a clear case where the power to revoke is exercisable in conjunction with persons having a substantial adverse interest in the income and corpus *113 of the trust, within the meaning of the law. Therefore, the power to revoke the trust retained by the donor will not affect the completeness and taxability of the gift in 1926. We are not disposed to question the soundness, but only the applicability, of the rule exemplified in the cases relied on by respondent to the effect that a trustee, as such, is not a person having a substantial adverse interest. In none of these cases, and in no other which we have discovered, has it been held that a trustee, who was also a primary beneficiary, did not have a substantial adverse interest. In , we held that the wife of the grantor of a trust who was a cotrustee and also a beneficiary of the trust had a substantial adverse interest. The rule upon this question is stated by Randolph Paul in his "Selective Studies in Federal Taxation", 3rd Series, page 220, as follows: The general rule regarding the position of trustees under Sections 166 and 167 depends upon their personal interests in fact as distinguished from their interest in the capacity of trustee. If a trustee has no private intrest in the trust, he is not *114 a person having an adverse interest. If the trustee is also the grantor, he is said to have no substantial adverse interest. If he is a named future beneficiary of the trust, he is then a person having interests adverse to those of the grantor. It may be noted that this reference, and the case cited above, relate to Federal income tax, but the question of who is a person having a substantial adverse interest is the same under the income tax and the Federal Gift Tax. See Paul, op. cit. We are not concerned over the possibility suggested by the respondent that there might sometime be trustees in a majority who would have no substantial adverse interest. This could only occur upon the death of two of the three daughters before their mother, and the succession of surviving husbands to the trusteeship. Such a contingency, so remote and insubstantial in character, need not be considered in determining the characterization for tax purposes of the gift in trust made in 1926. At that time and throughout the life of this trust, the grantor could revoke only with the consent of persons having a substantial adverse interest. Only upon a remote contingency over which she had no control could *115 she have ever had the power to revoke with the consent of persons not having a substantial adverse interest. The respondent then urges that the socalled termination which occurred in 1939 was, in fact, a revocation, so that the grantor in effect repossessed the corpus with the consent of the trustee-beneficiaries, and then gave it to her daughters by way of a separate gift, thus invoking the application of the gift tax act. He bases this theory upon the fact that the grantor retained power to revoke with the consent of a majority of the trustee,s but did not specifically retain any power during her lifetime to terminate. That the power to terminate is inherent in all trust situations is suggested by the case cited on this point by respondent, and quoted in his brief, in this language: "The general rule is that all parties in interest may terminate the trust." . In the light of our opinion in , this contention is without merit. The failure of petitioner expressly to retain a power implied by law does not indicate any intention to deprive herself of that power. *116 She had the power to revoke with her daughters' consent, thus revesting the trust property in herself, or to terminate with the unanimous consent of all interested persons, thus vesting legal title to the trust property in the beneficial owners. That she did the latter is here scarcely open to doubt. The intention of all the parties so to do is clearly and unambiguously expressed, and the property immediately vested in equal shares in the daughters, who had owned it beneficially. We therefore conclude that petitioner made a completed gift, in 1926 of the trust property, and that the termination of the trust in 1939 did not constitute a taxable gift. Respondent urges that even though we should conclude that a completed gift was made in 1926, the gift tax applies to at least the value of $80,357.70 representing the difference between the value of the trust corpus in 1939 ($298,346.50) and the present worth in that year of the right to receive that amount in 1947. Respondent's contention upon this point is contrary to Section 86.3, Regulations 108, and is without merit. See Decision will be entered for the petitioner.